979 F.2d 849
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jesse William LEMONS, III, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael Overby HUNDLEY, Defendant-Appellant.
 Nos. 91-5465, 92-5058.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 9, 1992
Decided: November 19, 1992
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.
 Argued: William Carlton Ingram, Floyd, Allen & Jacobs, Greensboro, North Carolina, for Appellants.
 Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.AT1On Brief: E. Raymond Alexander, Jr., Greensboro, North Carolina; Susan Hayes, Greensboro, North Carolina, for Appellant Hundley.
 Robert H. Edmunds, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 After being indicted for various drug offenses, Jesse William (Jay) Lemons, III, and Michael Overby Hundley moved the district court to suppress evidence. The district court denied their motions. They then pled guilty to conspiracy to possess with the intent to distribute heroin and possession of a firearm during and in relation to a drug trafficking crime, conditioning their plea on their right to appeal the adverse suppression ruling. See Fed. R. Crim. P. 11(a)(2). We affirm the district court.
 
 
 2
 On May 29, 1991, a captain of the Eden, North Carolina Police Department received an anonymous phone call from someone who stated that Jay Lemons, Billy Lemons, and Hundley were travelling to New York in Jay Lemons' truck to pick up heroin. Hundley was driving. The informant told the captain that a check of Jay and Billy Lemons' residences would verify his story by showing that they were not home. The captain repeated this information to Officer Rick Hopper of the Eden Police Department's Narcotics unit.
 
 
 3
 One month earlier, Hopper had been part of a team executing a search warrant at Jay Lemons' residence and knew that cash, marijuana, and cocaine had been found in the search. When Hopper participated in the search of the residence, he saw a pickup truck there similar to the one the informant subsequently described.
 
 
 4
 Hopper and other officers drove by both of the Lemons brothers' houses and the Lemons family's place of business. When they saw no one at any of these places, the officers took a surveillance position where they thought the Lemons brothers and Hundley were likely to pass on their way back from New York.
 
 
 5
 About 12:30 a.m., the officers saw a Dodge Dynasty travelling southbound. A chrome, portable cellular phone antenna was in the center of the car roof. Hopper recognized the antenna as similar to one Jay Lemons had used on two other cars. He recognized the license plates as being from a rental company and found out that the car had been rented at the Greensboro airport. The officers followed the car and noticed there were three individuals inside it. Soon a fourth individual sat up in the back seat. He looked at the officers from the back window, and Hopper recognized him as Billy Lemons, Jr. The officers then stopped the car.
 
 
 6
 Hundley was driving. Jay Lemons was in the passenger seat, while Billy Lemons and John Hollis were in the back seat. After Hopper asked Jay Lemons to get out of the car, he noticed a bulge in Jay's right front pants pocket. Upon patting Jay for weapons, Hopper identified the package as being similar to packages of drugs he had found on previous occasions. He removed the packages and found 218 glassine bags of heroin. Hollis admitted that he had a gun in his right front pocket. Hundley gave permission to search the car. The officers found an additional ten glassine bags of heroin, three loaded handguns, and $1,800. The officers searched Hundley and found a syringe. The officers arrested all four men.
 
 
 7
 At the suppression hearing Jay Lemons' estranged wife testified that from May 11, 1991, to June 15, 1991, she had the pickup truck described by the informant.
 
 
 8
 Relying on Alabama v. White, 496 U.S. 325 (1990), the district court held that the officers sufficiently corroborated the informant's tip to justify an investigatory stop of the occupants of the Dodge car.
 
 
 9
 The district court also held that the officers further corroborated the tip by recognizing Lemons and Hundley and by observing the large bulge in Lemons' pocket. This additional corroboration, coupled with the corroborative facts that the officers knew prior to stopping the car, provided probable cause to believe that Lemons and Hundley possessed heroin, as the informant predicted. See Draper v. United States, 358 U.S. 307, 312-13 (1959). Since possession of heroin is a felony, the officers had probable cause to arrest Lemons and Hundley. Brinegar v. United States, 338 U.S. 160, 175-76 (1949). The fact that the formal arrest occurred immediately after the officer searched Lemons did not invalidate the arrest or give cause for excluding the heroin that the search disclosed. United States v. Miller, 925 F.2d 695, 698 (4th Cir. 1991). The search was incident to a lawful arrest, and the district court did not err by denying the motion to suppress.
 
 
 10
 We affirm for reasons adequately stated by the district court in its memorandum, United States v. Lemons, CR-91-137-O-G (M.D.N.C. Sept. 5, 1991).
 
 AFFIRMED